**State of Vermont**
**Superior Court—Environmental Division**

===================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
===================================================================

**In re Wilcox Ice Cream Factory**                    **Docket No. 70-4-07 Vtec**
**(Appeal from Town of Manchester DRB decision)**

Title: Request for Information (Filing No. 9)
Filed: December 20, 2011

The Court recently requested several documents that were absent from the record for this de novo appeal. One of the documents requested was the 2003 decision by the Town of Manchester Development Review Board ("the DRB") granting the original construction permit to both Gerald and Howard Wilcox. We received a "Report of Zoning Administrator" dated September 24, 2003. However, we still need the DRB's decision, that is, the decision detailing the "Findings of Fact and Conclusions of Law" that is referenced in the Report of the Zoning Administrator. Therefore, we direct Howard Wilcox, as the applicant, to submit to the Court, no later than **Friday, January 6, 2012**, a certified copy of that DRB decision.

Appellants Gerald and Anne Wilcox ("Appellants") argue, in their August 17, 2011 memorandum, that portions of the on-site wastewater disposal system for Howard Wilcox's proposed development will be on Appellants' property. Before we can rule on the parties' pending requests in this appeal, particularly as they relate to Questions 1 and 2 from Appellants' Statement of Questions, we need to determine the extent of the approved development; on what land that development is to occur; and who currently owns that land. Therefore, in addition to the 2003 DRB decision discussed above, we also request that each litigant—Howard Wilcox and Appellants—clearly identify on a copy of the current proposed site plan the extent of the proposed development <u>and</u> the parties' respective current property boundaries, as determined by the Bennington Superior Court in its partition decision. See <u>Wilcox v. Wilcox</u>, No. 96-03-06 Bncv (Vt. Super. Ct. Feb. 18, 2010) (Suntag, J.). The Court directs litigants to submit either one delineated site plan, or, if they cannot agree, individual delineated site plans. If a portion of the proposed development is on Appellants' property, Howard Wilcox should identify for the Court what authority, if any, he has to develop that property. The Court orders the parties to submit these documents no later than **Friday, January 6, 2012**.

Finally, the Court notes that the record before us also lacks the municipal zoning ordinance applicable to the application before us on appeal. Thus, we requests that Howard Wilcox submit to the Court, no later than **Friday, January 6, 2012**, a certified copy of the version of the Town of Manchester zoning ordinance that should be used to assess the merits of the current extension application now on appeal to this Court.

Upon our receipt of these documents, we will complete our review of the parties' pending requests and issue a ruling.

_____                    __December 20, 2011____
         Thomas S. Durkin, Judge                                         Date

========================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

   W. Michael Nawrath, Attorney for Appellants Gerald and Anne Wilcox

   Jon S. Readnour, Attorney for Appellee/Applicant Howard Wilcox

   Robert E. Woolmington, Attorney for Interested Person Town of Manchester